Turkey, J.
delivered the opinion of the court.
Defendant became bail for Jesse Allen’s appearance at the January term, 1839, of the circuit court of Cannon county. Before the term arrived, the Governor of the State of Alabama demanded the body of Allen from the Governor of the State of Tennessee, as a refugee from justice, and he was delivered up by the order of the Governor of the State of Tennessee, to the authorities of Alabama, in pursuance of this demand. The consequence was, he did not appear at the January term of the circuit court of Cannon county, arid judgment was taken against the bail, upon which a scire facias was issued, to which he pleads in bar the facts above stated, and that Allen was, at the term appointed for his appearance in court in Caúnon county, and still is in prison in the State of Alabama upon a charge of murder, whereby he has been prevented from bringing him into court in discharge of the undertaking. To this plea there is demurrer, which was overruled by the court below, and we think correctly.
By the constitution and laws of the United States, the Governor of -Alabama had the right to demand Allen, and the Governor of the State of Tennessee had the power to give him up. Indeed it would have been his imperative duty to have done so, had he not rendered himself, by the commission of crime, amenable to our criminal laws. This would have justified the Governor of Tennessee in detaining him till he had made satisfaction therefor; but he chose not to do so, but to surrender him. This we think he might» legally do, and that the act was not one of supererogation. Then,'; *264 how stands the case? > The defendant has become bound to the State of Tennessee, for the appearance of Allen. The State of Tennessee, by her executive, takes possession of his'body and delivers him to a foreign power, where he has ever since been detained for crime committed against that power. The State of Tennessee takes judgment against the defendant', because Allen did not appear, (a thing that had been rendered impossible by the State itself,) and is seeking to make him pay the money, What mop-strous injustice!
This case is much stronger than those referred to in argument. Those were cases of bail in civil suits, where the bail asked to be exonerated, in consequence of some act of the Government, by which they had lost the custody of the person for whose appearance they were bound. They were exonerated or not Recording to the circumstances of the cases s but this is a case of the State of Tennessee seeking to charge bail for not doing what it by its own act has prevented.
jThe judgment of the circijit court will be affirmed,